# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                Plaintiff,

v.

JERMAINE J. STEWART,

                Defendant.

Case No. 08-CR-197-2-JPS

**ORDER**

## 1.    BACKGROUND

Defendant filed a motion for compassionate release due to his epilepsy, ECF No. 1041, and, ostensibly, the risk of COVID-19 that he faces in the institutional setting, *see infra* note 2. The Court referred the matter to Federal Defender Services, which, after requesting extensions of time to decide whether to do so, did not file a supplement on behalf of Defendant or otherwise notify the Court that it would provide any assistance to Defendant.[1] ECF Nos. 1042–1045. The Court then ordered the Government to respond, ECF No. 1046, which it did under seal, ECF No. 1051. Defendant filed an unsigned reply brief shortly thereafter. ECF No. 1054. Upon consideration of these submissions, the Court finds that there is a sufficient record on which it may deny Defendant's motion.

---

[1]Defendant indicated in his opening motion that he was requesting an attorney be appointed to help him. ECF No. 1041 at 9. Although Federal Defender Services did not ultimately fulfill this request, Defendant's subsequent reply brief, filed pro se, did not raise the request for counsel again. *See generally* ECF No. 1054. Accordingly, the Court will treat the request for counsel as moot, and, in any event, the Court is able to decide Defendant's motion on the current submissions and without further input from counsel.

## 2.    FACTS

Defendant pled guilty to a drug charge in 2009, and in 2011 was sentenced to three hundred months in federal prison. ECF Nos. 587 and 833 at 1. Defendant is currently detained at the Federal Correctional Institution at Pekin ("FCI-Pekin") in Illinois. His projected release date is in 2030.

In his motion, Defendant asks the Court to release him from prison because he suffers from epilepsy. ECF No. 1041 at 5. He states that he has been taking daily seizure mediation but wishes to pursue herbal remedies instead. *Id.* at 5, 8. He avers that he has had two seizures since he was moved to FCI-Pekin, and appears to take issue with how institutional medical staff handled and documented those seizures and related treatment. *Id.* at 5. Defendant states that being "worried, stressed, or mad" triggers seizures and that the prison environment does not allow him to avoid these triggers. *Id.* at 6. He further states that his epilepsy is a serious medical condition from which he is not expected to recover, and that the prison environment does not allow him to provide self-care or to access the herbal treatments he would prefer to pursue. *Id.* at 8.[2]

As of January 12, 2023, FCI-Pekin reports that zero inmates and 11 staff members have active cases of COVID-19.[3] No inmate deaths have been

---

[2]The warden of FCI-Pekin handled Defendant's request for compassionate release as being based on COVID-19. *See id.* at 7. The Court notes that Defendant's filings do not mention COVID-19 as the particular basis for his request. *See generally* ECF Nos. 1041 and 1054. The Government noted that Defendant's motion was "based solely on his seizure disorder" but proceeded to analyze both whether his epilepsy itself constituted a basis for compassionate release as well as whether his condition put him at heightened risk for COVID-19 and complications. ECF No. 1051 at 2–3, 5–6. For the sake of completeness, the Court will examine the request under both theories.

[3]Fed.  Bureau  of  Prisons,  *COVID-19  Coronavirus*, https://www.bop.gov/coronavirus/ (last visited Jan. 12, 2023).

Case 2:08-cr-00197-JPS    Filed 01/12/23    Page 2 of 7    Document 1055

reported, and 759 inmates and 120 staff have recovered from the virus.[4] Further, FCI-Pekin's medical isolation rate, vaccination rate, and community transmission rate, currently reflect a moderate level of risk.[5]

## 3.     LEGAL STANDARD

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

While § 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," this circuit recently held that the relevant policy statement, U.S.S.G. § 1B1.13, is inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Therefore, a court has discretion when determining what constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement."). A district court may also "make the same determinations that would normally be left to the Director of the Bureau of Prisons [under the catchall provision at U.S.S.G. § 1B1.13 n.1(D)]." *United States v. Brown*, Case No. 01-CR-196-JPS, 2020 WL 4569289, at *4 (E.D. Wis.

---

[4]*Id.*

[5]*Id.*

Aug. 7, 2020). Yet, this Court will evaluate prisoner-initiated motions for compassionate release with due regard for the guidance provided in § 1B1.13 because it "provide[s] a working definition of 'extraordinary and compelling reasons' . . . [which] can guide discretion without being conclusive." *Gunn*, 980 F.3d at 1180; *see also United States v. Mays*, Case No. 1:08-cr-00125-TWP-DML, 2020 WL 7239530, at *3 (S.D. Ind. Dec. 9, 2020) (evaluating compassionate release motions brought under the "extraordinary and compelling" prong of § 3582(c)(1)(A) with "due regard" for § 1B1.13).

The commentary to the Sentencing Guidelines explains that "extraordinary and compelling reasons exist" when "[t]he defendant is suffering from a terminal illness, (i.e., a serious and advanced illness with an end of life trajectory)," such as cancer or advanced dementia. U.S.S.G. § 1B1.13 n.1.(A)(i). The commentary also considers a defendant's medical condition to be an extraordinary and compelling reason if:

> [t]he defendant is suffering from a serious physical or mental condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* § 1B1.13 n.1.(A)(ii). The Court will also consider whether "the defendant is not a danger" to others or the community, as provided in 18 U.S.C. § 3142(g). Id. § 1B1.13(B)(2). Relatedly, prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A).

**4.    ANALYSIS**

It does not appear that Defendant's epilepsy constitutes an "extraordinary and compelling" reason for his release. Where a prisoner's "maladies are common and treatable" and the record before the Court does not otherwise show that the defendant's health conditions affect his ability to provide self-care in the carceral setting, compassionate release is generally not justified. *United States v. Picazzo*, No. 2:18-CR-122-PPS, 2020 WL 5757984, at *3 (N.D. Ind. Sept. 28, 2020); *see also United States v. Weidenhamer*, No. CR1601072001PHXROS, 2019 WL 6050264, at *5 (D. Ariz. Nov. 8, 2019) ("To be faithful to the statutory language requiring 'extraordinary and compelling reasons,' it is not enough that Defendant suffers from two chronic conditions that [he] is not expected to recover from. Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release."); *see also United States v. Ayon-Nunez*, No. 1:16-CR-00130-DAD, 2020 WL 704785, at *2–3 (E.D. Cal. Feb. 12, 2020) (quoting *Weidenhamer*, 2019 WL 605264, at *5 and denying compassionate release motion based on defendant's epilepsy).

As the Government notes in its brief in opposition to Defendant's motion, Defendant's medical records (which are attached to the brief as an exhibit) demonstrate that he is actively taking his prescribed seizure medication. ECF No. 1051 at 5–6. His disorder appears to be under control, as he has had only two seizures since 2017. *Id.* at 5. Nothing in the record suggests Defendant is unable to care for himself in the correctional setting. To the extent he is dissatisfied with being unable to access his preferred method of treatment, a "[d]efendant's disagreement with the type and amount of medical treatment provided by the Bureau of Prisons is not enough to establish [his] conditions cannot be accommodated while [he] is

incarcerated." *Weidenhamer*, 2019 WL 6050264, at *5, n.3. The Court therefore cannot conclude that his epilepsy constitutes an extraordinary and compelling reason for his release.

Similarly, Defendant's epilepsy does not put him at a high risk of suffering a poor outcome due to COVID-19 and does not serve as a basis for his release on that theory. Epilepsy and seizures are "not known to increase the risk of contracting or the severity of COVID-19, as it is a disorder that leads to seizures, not one that causes immune deficiency" and are not "considered by the CDC to put an individual at an increased risk of a severe COVID-19 illness." *United States v. Sanders*, No. 3:05-CR-30200-NJR, 2021 WL 322021, at *3 (S.D. Ill. Feb. 1, 2021) (citations omitted). Further, although Defendant does not appear to have received the COVID-19 vaccination, he contracted COVID-19 twice and was both times asymptomatic. *See* ECF No. 1051 at 5 (citing Defendant's medical records). An individualized look at Defendant's case therefore instructs that compassionate release is not appropriate because Defendant does not appear to have a severely weakened immune system such that an extraordinary and compelling reason to release him exists. *See United States v. Rucker*, No. 21-2001, 2022 WL 610625, at *3 (7th Cir. Mar. 2, 2022) (noting that, given the emergence of different COVID-19 strains and their varying abilities to evade immunity conferred by vaccine or naturally, a court must consider "the applicant's individualized arguments and evidence").

Because the Court finds Defendant has not demonstrated that his circumstances present extraordinary and compelling reasons to justify his release, the Court declines to examine whether release is justified under the sentencing factors set forth in 18 U.S.C. § 3553(a).

**5. CONCLUSION**

Defendant has not proffered an extraordinary and compelling reason warranting his release. Therefore, the Court will deny Defendant's motion for compassionate release, ECF No. 1041.

Accordingly,

**IT IS ORDERED** that Defendant Jermaine J. Stewart's motion for compassionate release, ECF No. 1041, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 12th day of January, 2023.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge