# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br>v.<br><br>JERMAINE J. STEWART,<br><br>               Defendant. | Case No. 08-CR-197-2-JPS<br><br>**ORDER** |

1.  **INTRODUCTION**

In April 2023, the United States Sentencing Commission ("the Commission") proposed to Congress an amendment to the United States Sentencing Guidelines (the "Guidelines"), known as "Amendment 821" or the "2023 Criminal History Amendment." *Materials Relating to the 2023 Criminal History Amendment*, U.S. SENT'G COMM'N, https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment [https://perma.cc/T954-GQFK] (last visited April 26, 2024). Part A of Amendment 821 "decreases 'Status Points' by one point for individuals with seven or more criminal history points and eliminates them for individuals with six or less criminal history points" (the "Status Point Amendment"). *Id.* (under "Who is Eligible for Retroactive Application?" heading). "Individuals who received Status Points in their criminal history calculation are eligible for this retroactive reduction." *Id.* In August 2023, the Commission voted to give retroactive effect to this portion of Amendment 821. *Retroactivity Amendment ("Reader-Friendly" version)*, U.S. SENT'G COMM'N (Aug. 31, 2023), *available at* https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-

friendly-amendments/202308_RF-retro.pdf [https://perma.cc/P2B4-8FUA] (last visited April 26, 2024). Amendment 821 took effect on November 1, 2023. *Id.*

In March 2024, Defendant Jermaine J. Stewart ("Defendant") filed a motion inquiring whether the Status Point Amendment applied to his sentence, and if so, seeking appointment of counsel to litigate a possible sentence reduction. ECF No. 1058 (referencing "2 points for being on probation during my conviction"). Defendant filed a second motion in April 2024, also seeking a sentence reduction and invoking a different, recent Guidelines amendment. ECF No. 1060 at 4 (referencing U.S.S.G. § 5C1.2). This amendment expands the applicability of the "safety valve" provision in the Guidelines—which allows the Court to depart from an otherwise statutorily-required mandatory minimum sentence in certain circumstances—including in cases were a defendant's criminal history points may be lower pursuant to the Status Point Amendment (the "Safety Valve Amendment"). *See 2023 Safety Valve Amendment in Brief*, U.S. SENT'G COMM'N, https://www.ussc.gov/policymaking/amendments/2023-safety-valve-amendment [https://perma.cc/L8EG-65BW] (last visited April 26, 2024). *Id.*

For the reasons stated below, the Court finds that Defendant is not eligible for a sentence reduction under either provision and must deny these motions.

2. **BACKGROUND**

In December 2009, Defendant pleaded guilty to, and was later formally adjudicated guilty of, one count of conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, and 18 U.S.C. § 2. ECF Nos. 587, 691. The distribution conspiracy

resulted in multiple individuals dying by heroin overdose; Defendant, while acknowledging this, reserved the right to "argue that [that] sentencing enhancement . . . [did] not apply to the offense of conviction." ECF No. 587 at 3, 6. The United States Probation Office for the Eastern District of Wisconsin ("Probation") found that Defendant supplied heroin to others involved in the conspiracy which led to the overdoses of at least three individuals, and calculated Defendant's base offense level to include the enhancement. ECF No. 810 at 34 (Presentence Investigation Report ("PSR")). The PSR further noted that, if the Court concluded that the enhancement applied, Defendant was subject to a statutory mandatory minimum sentence of 20 years of imprisonment. *Id.* at 10 (citing 21 U.S.C. §§ 841(b)(1)(a)). Additionally, Probation recommended that a two-level increase in Defendant's criminal history score be applied as he committed the offense in this case while on probation in a state case. *Id.* at 37.

In March 2011, Defendant appeared before the Court for sentencing. ECF No. 832. Probation calculated the applicable Guidelines as follows:

> Total Offense Level: 39
> Criminal History Category: V
> 360 months to life imprisonment

ECF No. 832 at 1. Over Defendant's objection, the Court found that Defendant's conduct caused multiple overdose deaths and applied the relevant enhancement. *Id.*; *see also* ECF No. 860 at 7–8. After dispensing with Defendant's objection, the Court adopted that Guidelines construct. *Id.* at 2.

Defendant was ultimately sentenced to a term of imprisonment of 300 months. *Id.* at 2; ECF No. 833 at 2 (judgment). The Seventh Circuit later upheld the Court's application of the sentencing enhancement for the offense having resulted in death, and accordingly the 20-year statutory

mandatory minimum. ECF No. 928 at 23–25. Defendant is scheduled to be released from custody and into his term of supervised release in March 2030. *See Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited April 26, 2024).

On March 21, 2024, Probation filed a memo indicating that, pursuant to the Status Point Amendment, Defendant "is eligible for a one-point reduction to his total criminal history, as he now qualifies for only one status point," and recalculated his amended Guidelines construct as follows:

> Total Offense Level: 39
> Criminal History Category: IV (8 points, +1 status point)
> 360 months to life imprisonment

ECF No. 1059 at 2. However, Probation advised that he "does not appear eligible for a reduction . . . because his guideline range [of imprisonment] has not been lowered by" the Status Point Amendment. *Id.* (citing U.S.S.G. § 1B1.10(a)(1)). Probation further advised that "even if his guideline range was lowered by the retroactive amendment, the Court may be limited as to any reduction authorized" because Defendant received "a sentence below the advisory guideline range" to begin with. *Id.* (citing U.S.S.G. § 1B1.10(b)(2)(A)).

### 3. LEGAL STANDARD

The Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the . . . Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2).[1]

---

[1] Section 994(o) provides that the Commission may "review and revise" the Guidelines. 28 U.S.C. § 994(o).

"[U]pon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

In the case of Amendment 821, the relevant policy statement is Guideline § 1B1.10. That Guideline provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Additionally, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" determined after application of any relevant amendment(s). U.S.S.G. § 1B1.10(b)(2)(A); U.S.S.G. § 1B1.10(b)(2)(B), (c) (setting forth exceptions).

4.  **ANALYSIS**

As explained above, Defendant received status points for his offense, so he broadly fits within the group of offenders who can be considered for sentence reductions under the Status Point Amendment. *Materials Relating to the 2023 Criminal History Amendment*, "Who is Eligible for Retroactive Application?".

However, he is not eligible for a reduced sentence under the Status Point Amendment because, even taking into account the one-point decrease in criminal history points resulting from the Status Point Amendment and the resulting change to his criminal history category, there is no change to his advisory Guidelines range of imprisonment. Defendant's advisory Guidelines range of imprisonment was 360 months to life both before and

after application of the Status Point Amendment. Therefore, the amendment "does not have the effect of lowering the defendant's applicable guideline range" and the Court is precluded from considering a sentence reduction. U.S.S.G. § 1B1.10(a)(2)(B).[2]

Defendant's second motion appears to concede that he is subject to a mandatory minimum term of imprisonment of 20 years in any event. *See* ECF No. 1060 at 4 (seeking "resentencing . . . within the amended guidelines with the limitation of the mandatory minimum"). For the sake of complete analysis: if Defendant is invoking the Safety Valve Amendment as a means for the Court to consider using his Status Point Amendment-based adjustment to impose a new sentence *below* the 20-year mandatory minimum, the Court would not be permitted to do so. First, , while the Status Point Amendment is retroactive, the Safety Valve Amendment is not. *United States v. Palmer*, No. 8:18-CR-19, 2024 WL 1484626, at *1 (D. Neb. Apr. 5, 2024). Additionally, although the Safety Valve Amendment was expanded to encompass defendants who qualify for application of the Status Point Amendment, defendants must meet several criteria to qualify for application of the Safety Valve Amendment. One of those criteria is that

---

[2]Even if application of the Status Point Amendent lowered Defendant's Guidelines range of imprisonment, the Court would almost certainly be limited in or precluded entirely from lowering Defendant's sentence, for two reasons. First, Defendant was subject to a mandatory minimum term of imprisonment, so in no event could his sentence be reduced lower than 20 years, or 240 months. Second, he was already sentenced well below the advisory guideline range. *See* U.S.S.G. § 1B1.10 app. note 3 (noting that "[i]f the term of imprisonment [originally] imposed was outside the guideline range applicable to the defendant at the time of sentencing, the limitation in subsection (b)(2)(A) also applies[,]" subject to limited exceptions not applicable in the instant case, and providing that when the sentencing court's original sentence "constitut[es] a downward departure or variance," the court may in no event reduce that sentence lower than the low end of any amended guidelines range).

"the offense did not result in death or serious bodily injury to any person." U.S.S.G. § 5C1.2(a)(3). Defendant does not meet this criterion; his offense of conviction resulted in at least three overdose deaths. So the Court would not be permitted to revisit Defendant's sentence on the basis of the Safety Valve Amendment.

In light of its findings that Defendant is not eligible to be considered for a sentence reduction, the Court need not analyze whether the factors in 18 U.S.C. § 3553(a) warrant such a reduction.

## 5. CONCLUSION

For the reasons stated above, the Court declines to reduce Defendant's sentence under either the Status Point or the Safety Valve Amendments. Defendant's request for appointment of counsel is denied as moot. The Court encourages Defendant to focus his efforts on taking advantage of the rehabilitative and educational opportunities available to him in the prison setting.

Accordingly,

**IT IS ORDERED** that Defendant Jermaine J. Stewart's motions to reduce his term of imprisonment pursuant to the 2023 Amendments to the United States Sentencing Guidelines and for appointment of counsel, ECF Nos. 1058 and 1060, be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 26th day of April, 2024.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge